**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| HEBEI VIROAD BIOTECHNOLOGY CO., LTD., | § | **JURY DEMAND** |
| *Plaintiff,* | § | |
| v. | § | Civil Action No.: |
| PHIPPY LLC; MORE HEALTH, INC.; and DOES 1-50, | § | |
| *Defendants.* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Hebei Viroad Biotechnology Co., Ltd. ("PLF-VIROAD") hereby files this Complaint against Defendants Phippy LLC ("DFD-PHIPPY") and More Health, Inc. ("DFD-MOREHEALTH), and would respectfully show the Court as follows:

**I. PARTIES**

1. PLF-VIROAD is a People's Republic of China limited liability company with its principal place of business in Shijiazhuang, Hebei Province, China.

2. DFD-PHIPPY is a Texas limited liability company with its principal place of business in Houston, Texas. It may be served with process by serving a Summons on its Registered Agent, Republic Registered Agent LLC, 17350 State Hwy 249 Ste 220, Houston, TX 77064.

3. DFD-MOREHEALTH is a California corporation with its principal place of business in San Mateo, California. It may be served with process by serving a Summons on its Registered Agent, William Lewis, 1875 South Grant St, San Mateo, CA 94402.

4.

5. Plaintiff is unaware of the Defendants' true names and capacities named herein as DOES 1 through 50 and therefore sue such Defendants by fictitious names. Plaintiffs will amend this complaint to allege these DOE Defendants' true names and capacities when ascertained. Each of the fictitiously-named Defendants is responsible in some manner for the acts and omissions alleged in the complaint and thus is responsible for causing Plaintiffs' damages alleged hereto.

6. Plaintiff alleges that at all material times officers, directors, agents, and employees who are named as Defendants acted in such capacities in connection with the acts, practices, and schemes of the business, as set forth below.

7. In this complaint, whenever any allegation is made against a business entity Defendant, the allegation refers to acts or omissions of its officers, directors, agents, or employees while engaged in the management, direction, or control of such business entity Defendant(s), and while acting within the course and scope of their employment and authority.

## II. JURISDICTION AND VENUE

8. Jurisdiction is proper under 28 U.S.C. § 1332(a)(2) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of the State of Texas and citizens of the People's Republic of China who are not permanent residents of the U.S.

9. Venue is proper under 28 U.S.C. § 1391(b)(1) because DEFENDANT is a Texas limited liability company whose address is 17350 State Highway 249 Ste 220 #477, Houston, TX, according to Texas Secretary of State records.

## III. GENERAL ALLEGATIONS

10. PLF-VIROAD is a company that provides services and products related to cancer detection.

11. Other than two business directories and a coronavirus page from an alumni association, DFD-PHIPPY does not have an online presence. On information and belief, DFD-PHIPPY is or was engaged in the supply of personal protective equipment ("PPE").

12. According to its website, DFD-MOREHEALTH provides services related to "Expert Medical Opinions, Prodigy Fertility, MORE Health for Kids, Behavioral and Mental Health, Employee Benefits, Medical Travel Concierge, and Hospital Solutions." MORE Health, https://www.morehealth.com, accessed February 12, 2024. On information and belief, DFD-MOREHEALTH primarily services wealthy, Chinese citizens seeking healthcare in the United States.

13. On or around February 2, 2020, PLF-VIROAD signed a contract with DFD-PHIPPY regarding protective bodysuits and goggles. On or around February 4, 2020, PLF-VIROAD signed a contract with DFD-PHIPPY regarding face masks. PLF-VIROAD made full payment for the protective bodysuits, googles, and face masks (the "PPE goods") after the contracts were signed.

14. On or around February 15, 2020, PLF-VIROAD found that the protective bodysuits they had received from DFD-PHIPPY were packed in bundles, which did not meet the medical standards of the People's Republic of China, rather than in individual packages, as both Parties had agreed in their WeChat messages. Furthermore, all the zipper and seam parts were permeable, making the protective bodysuits unsuitable for their intended uses. Additionally, 4XL-size was unsuitable.

15. As a result, on or around February 15, 2020, PLF-VIROAD and DFD-PHIPPY modified their agreement and signed another contract (the "Contract"), which identified replacement goods to be shipped within 5 business days after the effective date of the Contract.

16. From on or around February 19, 2020 to March 2, 2020, PLF-VIROAD and DFD-PHIPPY communicated regarding the quantity and quality of the received and shipped PPE goods.

17. On or around March 3, 2020, due to the supplied protective bodysuits not meeting the medical standards of the People's Republic of China, PLF-VIROAD and DFD-PHIPPY agreed to cease further procurement and PLF-VIROAD requested DFD-PHIPPY to refund a portion of the payment.

18. On or about March 7, 2020, Shiyao Group, on behalf of PLF-VIROAD, sent a notice letter to DFD-PHIPPY, asserting DFD-PHIPPY's breach of contract and requesting a refund for undelivered PPE goods.

19. On or about June 5, 2020, PLF-VIROAD communicated to DFD-PHIPPY that the delivered PPE goods did not conform to the quantity in the Contract. PLF-VIROAD and DFD-PHIPPY discussed the amount to be refunded.

20. On or about June 19, 2020, PLF-VIROAD sent a notice letter to DFD-PHIPPY, terminating the procurement agreement and requesting a refund of $285,072.84 for the undelivered portion of PPE goods.

21. On or about September 13, 2020, DFD-PHIPPY sent a confirmation letter, acknowledging the discontinuation of the contract, confirming a refund was due, but in the amount of approximately $170,000.00, and stating the refund would be processed no later than December 31, 2021.

22. From on or about May 21, 2021, to July 19, 2021, PLF-VIROAD received three payments from DFD-MOREHEALTH, totaling $68,974.16.

23. On or about January 17, 2023, DFD-PHIPPY agreed to a remaining refund amount of $216,098.68.

## IV. ALTER EGO ALLEGATIONS

24. The following allegations and other factual contentions in this section of the complaint are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery and are alleged upon information and belief.

25. At least some of the founders of DFD-MOREHEALTH are founders of DFD-PHIPPY, namely Jiang Lewis, also known as Hope Lewis, and William Lewis.

26. PLF-VIROAD dealt and negotiated with founders of DFD-MOREHEALTH when entering into an agreement with DFD-PHIPPY.

27. PLF-VIROAD only signed the agreement with and paid money to DFD-PHIPPY because DFD-MOREHEALTH's is well-known and established in the China-U.S. concierge medical services market.

28. DFD-PHIPPY founders used DFD-MOREHEALTH email addresses before the Contract signing.

29. A unity of interest and ownership exists between DFD-MOREHEALTH and DFD-PHIPPY because of: (i) the similarity or sameness of the founders (Jiang Lewis and William Lewis); (ii) the commingling of funds, as evidenced by DFD-MOREHEALTH's repayment of the refund incurred under DFD-PHIPPY's name; and (iii) DFD-PHIPPY founders' use of DFD-MOREHEALTH's email addresses.

30. It would be unfair if the failure of DFD-PHIPPY to repay the agreed refund were treated as the act of DFD-PHIPPY alone because such would allow DFD-MOREHEALTH and its founders to escape liability for breach of contract.

31. Therefore, DFD-MOREHEALTH should be deemed the alter ego of DFD-PHIPPY and the limited liability (corporate) veil should be pierced to hold DFD-MOREHEALTH liable for the harmful actions of DFD-PHIPPY.

## V. CAUSES OF ACTION

### A. Breach of Contract [Against All Defendants]

32. The foregoing allegations are incorporated herein by reference.

33. PLF-VIROAD and DFD-PHIPPY entered into the Contract for PPE goods.

34. PLF-VIROAD performed all its obligations under the Contract.

35. DFD-PHIPPY breached the Contract by failing to provide replacement goods in an adequate quantity and quality.

36. As a result of DFD-PHIPPY's breach, PLF-VIROAD suffered damages in the amount of at least $284,735.85, and additional amounts to be proven at trial.

37. DFD-PHIPPY's breach was a substantial factor in causing harm to PLF-VIROAD.

### B. Breach of Implied Covenant of Good Faith and Fair Dealing [Against All Defendants]

38. The foregoing allegations are incorporated herein by reference.

39. PLF-VIROAD and DFD-PHIPPY entered into the Contract.

40. PLF-VIROAD did all, or substantially all of the significant things that the Contract required it to do.

41. All conditions required for DFD-PHIPPY's performance had occurred.

42. DFD-PHIPPY repeatedly failed to make refund payments, which the Parties agreement under the Contract required. Prior, DFD-PHIPPY failed to provide replacement PPE goods according to the Parties' Contract.

43. By doing so, DFD-PHIPPY did not act fairly and in good faith.

44. PLF-VIROAD was harmed by DFD-PHIPPY's conduct.

**C. Account Stated [Against All Defendants]**

45. The foregoing allegations are incorporated herein by reference.

46. PLF-VIROAD had transactions with DFD-PHIPPY and DFD-MOREHEALTH. Because DFD-PHIPPY and DFD-MOREHEALTH provided neither sufficient replacement PPE goods nor refund payments, DFD-PHIPPY and DFD-MOREHEALTH incurred a debt to PLF-VIROAD.

47. PLF-VIROAD, DFD-PHIPPY, and DFD-MOREHEALTH agreed that a refund was due, and that a debt was owed, and Defendants started to make refund payments.

48. On or about January 17, 2023, DFD-PHIPPY agreed that it still owed PLF-VIROAD $216,098.68.

**D. Equitable Accounting [Against All Defendants]**

49. The foregoing allegations are incorporated herein by reference.

50. PLF-VIROAD demanded an accounting.

51. PLF-VIROAD has a contractual relationship with DFD-PHIPPY.

52. PLF-VIROAD had financial transactions with both DFD-MOREHEALTH and DFD-PHIPPY, such that the facts and accounts presented are so complex adequate relief may not be obtained at law.

53. The Parties, in their regular courses of business, kept electronic accounts of the debits and credits involved in these transactions.

54. DFD-MOREHEALTH and DFD-PHIPPY owe PLF-VIROAD at least $216,098.68, and additional amounts to be proven at trial.

**E. Unjust Enrichment [Against All Defendants]**

55. The foregoing allegations are incorporated herein by reference.

56. DFD-PHIPPY requested, by words and conduct, that PLF-VIROAD make payment for DFD-PHIPPY's own benefit.

57. PLF-VIROAD made payment as requested and such action conferred a benefit to DFD-PHIPPY to the detriment of PLF-VIROAD.

58. DFD-PHIPPY has not supplied the replacement PPE goods according to the Parties' Contract.

59. The reasonable value of the goods is at least $216,098.68.

**F. Money Had and Received [Against All Defendants]**

60. The foregoing allegations are incorporated herein by reference.

61. DFD-PHIPPY and DFD-MOREHEALTH have PLF-VIROAD's money in their possession.

62. This money belongs to PLF-VIROAD in equity and good conscience.

## VI. JURY DEMAND

63. PLF-VIROAD hereby requests a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. For actual damages in an amount to be proven at trial;

2. For interest to the extent allowed by law;

3. For costs of suit to the extent allowed by law;

4. For reasonable attorneys' fees to the extent allowed by law;

5. For punitive and other damages to the extent allowed by law and as the Court deems just and proper; and

6. For such other and further relief as the Court may deem proper.

DATED: February 15, 2024

*/s/ Jeffrey Simon*
Jeffrey M. Simon (CABN #303233)
YK LAW LLP
4 Park Plaza #1040
Irvine, CA 92614
(213) 558-3418
jsimon@yklaw.us
*Attorneys for Plaintiff*
HEBEI VIROAD
BIOTECHNOLOGY CO., LTD.

By: */s/ Shawn M. Grady*
Shawn M. Grady
Law Firm of Shawn M. Grady,PLLC
SBN 24076411
shawn@gradycollectionlaw.com
2100 West Loop South, Ste. 805
Houston, Texas 77027
Phone (832) 692-4542
Fax (832) 565-1796
*Attorneys for Plaintiff*
HEBEI VIROAD
BIOTECHNOLOGY CO., LTD.