Case 4:24-cv-00555   Document 29   Filed on 03/26/25 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
March 26, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HEBEI VIROAD BIOTECHNOLOGY CO., LTD., | § § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL ACTION NO. 4:24-CV-00555 |
| PHIPPY LLC, *et al.*, | § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Phippy, LLC and More Health, Inc.'s Motion to Dismiss (Dkt. 16). After careful consideration of the motion, the reply, the response, and the applicable law, the Court **GRANTS IN PART** the motion (Dkt. 16).

### I.  FACTUAL BACKGROUND

Plaintiff Hebei Viroad Biotechnology Co., LTD. ("Viroad") is a Chinese corporation that contracted with Defendants Phippy, LLC and More Health, Inc. (collectively, "Defendants") for the purchase of personal protective equipment. (Dkt. 1 at p. 3). Viroad and the Defendants executed three contracts—one on February 2, 2024, one on February 4, 2024, and a supplementary contract on February 15, 2024. (Dkt. 17 at p. 3). The arbitration provisions in the February 2 and February 4 contracts state, respectively:

> "[B]oth parties may apply for international arbitration, the place of arbitration shall be in the United States. If the arbitration is not successful, any party can bring the disput[e] to the State or Federal Court which is located in the State of Texas."

and

> "In case of legal disputes arising out of this contract, both of parties can apply for international arbitration, with arbitration place being USA. If arbitration does not solve the problem, it may be filed in competent federal or state court in California, USA."

(Dkt. 20 at p. 2). [1]

Following a dispute about the delivered goods, Viroad brought breach of contract and other related claims against Defendants. (Dkt. 1 at pp. 6 – 9). Defendants now seek to dismiss Viroad's claims in favor of international arbitration as per the terms of the arbitration clauses in the February 2 and February 4 contracts. (Dkt. 16 at p. 3). Viroad argues that the terms at issue are permissive, not mandatory, and that Defendants cannot compel arbitration. (Dkt. 17 at p. 3).

## II.    LEGAL STANDARD AND APPLICABLE LAW

### A.    Federal Rule of Civil Procedure 12(b)(3)

The Fifth Circuit has not decided whether Federal Rule of Civil Procedure 12(b)(1) or 12(b)(3) is the appropriate vehicle for a motion to dismiss based on an arbitration provision. *McDonnel Grp., L.L.C. v. Great Lakes Ins. Se*, 923 F.3d 427, 429 n.5 (5th Cir. 2019) (citing *Noble Drilling Servs., Inc. v. Certex USA, Inc.*, 620 F.3d 469, 472 n.3 (5th Cir. 2010)). That being said, Rule 12(b)(3) has been "accepted as a proper method for

---

[1] While different translations have been cited in this matter, the parties now agree on the quoted translations of the arbitration provisions. (Dkt. 20 at p. 2, fn.1).

seeking dismissal in favor of arbitration" by the Fifth Circuit. *Id*. (citing *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 902 (5th Cir. 2005)). Defendants have moved under both Rules, and the Court assesses their request under Rule 12(b)(3). (Dkt. 16 at p. 3).

A Rule 12(b)(3) motion allows a party to move for dismissal based on improper venue. FED. R. CIV. P. 12(b)(3). "On a Rule 12(b)(3) motion to dismiss for improper venue, the Court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F.App'x 612, 615 (5th Cir. 2007). Although the Fifth Circuit has not ruled on which party bears the burden on a Rule 12(b)(3) motion, "most district courts within this circuit have imposed the burden of proving that venue is proper on the plaintiff once a defendant has objected to the plaintiff's chosen forum." *Galderma Lab'ys, L.P. v. Teva Pharms. USA, Inc.*, 290 F. Supp. 3d 599, 605 (N.D. Tex. 2017) (collecting cases).

**B.    The Convention on the Recognition and Enforcement of Foreign Arbitral Awards**

The Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention") is an "international treaty that provides citizens of signatory countries the right to enforce arbitration agreements." *Bufkin Enters., L.L.C. v. Indian Harbor Ins. Co.*, 96 F.4th 726, 729 (5th Cir. 2024). Its purpose is "to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n.15

(1974). "Because the United States is a signatory to the Convention, and Congress enacted enabling legislation, the Convention is applicable as federal law in this case." *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 903 (5th Cir. 2005). The Federal Arbitration Act ("FAA") codifies the Convention, providing that the Convention "shall be enforced in United States courts in accordance with [the FAA's terms]." *Bufkin*, 96 F.4th at 729 (citing 9 U.S.C. § 201). "If an international arbitration clause falls under the Convention Act, 'the Convention requires district courts to order arbitration.'" *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 903 (5th Cir. 2005) (quoting *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co. (Pemex)*, 767 F.2d 1140, 1145 (5th Cir. 1985)).

### III.   ANALYSIS

The Court finds that the arbitration provisions at issue are mandatory and enforceable. Under these circumstances, the Court finds that a stay, rather than a dismissal, is appropriate. Accordingly, the Court orders the parties to international arbitration and stays the case.

**A.   The Arbitration Provision**

Viroad argues that the Convention does not require arbitration because the arbitration clauses "are written in conditional, permissive language." (Dkt. 17 at p. 3). Defendants disagree, arguing that the clauses provide either party with the option to initiate mandatory international arbitration. (Dkt. 20 at p. 3). The Court is persuaded by the Defendants.

"In determining whether the Convention requires compelling arbitration in a given case, courts conduct only a very limited inquiry." *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 339 (5th Cir. 2004) (citation omitted). "[A] court should compel arbitration if (1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a Convention signatory nation; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen." *Id.* (citation and internal quotation marks omitted). "Once these factors are met, a district court must order arbitration 'unless it finds that the [arbitration] agreement is null and void, inoperative or incapable of being performed.'" *Bufkin*, 96 F.4th at 739 (quoting *Freudensprung*, 379 F.3d at 339).

It is evident that the second, third, and fourth requirements under the Convention are satisfied. The agreement provides for arbitration in the U.S.—a Convention signatory nation. (Dkt. 20 at p. 2); *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 903 (5th Cir. 2005). Further, the agreement arises out of Viroad and Defendants' relationship for the purchase and sale of personal protective equipment, and Viroad is a Chinese citizen. (Dkt. 14 at p. 3); (Dkt. 14 at p. 2). As such, the Court's inquiry focuses on the first requirement under the Convention: whether there is a written agreement to arbitrate the matter.

"[A]rbitration is simply a matter of contract between the parties." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943 (1995). Consequently, the inquiry as to whether there is a valid agreement to arbitrate is governed by state-law contract principles.

*Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002). Here, the Court applies Texas contract law.[2] Additionally, Viroad does not dispute that it is bound by the terms of the contract, nor does it dispute that its claims are covered by the agreement. *See* (Dkt. 17). Instead, the question presented is whether the arbitration provisions in the February 2 and February 4 contracts are mandatory.

"Texas law encourages parties to resolve disputes through arbitration, but it will not force them to arbitrate unless they have agreed to that alternative." *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 508 (Tex. 2015) (footnotes omitted). "Arbitration agreements are interpreted under traditional contract principles: the plain language controls, the court must examine and consider the entire writing in an effort to harmonize and give effect to all the contract's provisions so that none will be rendered meaningless, and no single provision taken alone will be given controlling effect." *Famous Water Co., L.P. v. Aquio Sols. Intermediate Holdings, LLC*, No. 02-23-00329-CV, 2024

---

[2] Neither party addresses which state's law should govern the Court's analysis, and both the February 2 and the February 4 contract do not contain choice-of-law provisions. *See* (Dkt 17 at pp. 9 – 11); (Dkt. 17 at pp. 14 – 16). "In diversity cases, we apply the law of the forum state to determine which state's law applies." *Mumblow v. Monroe Broad., Inc.*, 401 F.3d 616, 620 (5th Cir. 2005). However, the Fifth Circuit has held "that if the laws of the states do not conflict, then no choice-of-law analysis is necessary, and we simply apply the law of the forum state." *PS Bus. Mgmt., L.L.C. v. Fireman's Fund Ins. Co.*, No. 21-30723, 2022 U.S. App. LEXIS 18688, at *4 (5th Cir. July 6, 2022) (quoting *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 512 (5th Cir. 2014)). The Court finds that the laws of Texas and California would produce the same result on this issue and are substantively the same. *See, e.g., Serv. Emps. Internat. Union, Local 18 v. Am. Bldg. Maint. Co.*, 29 Cal. App. 3d 356, 359 (1972) ("Among its many connotations the word "may" is sometimes used in granting to either of opposing parties a right, or privilege, with regard to the dispute.") (holding that an arbitration clause using "may" allowed either party to trigger mandatory arbitration). Accordingly, the Court applies Texas contract law to this dispute.

Tex. App. LEXIS 4154, at *7 (Tex. App. June 13, 2024) (citing *In re Whataburger Rests. LLC*, 645 S.W.3d 188, 194-95 (Tex. 2022) (orig. proceeding)).

Generally, "mandatory" language in arbitration clauses includes "shall" statements. *See, e.g., RSL Funding, LLC v. Newsome*, 569 S.W.3d 116, 119 (Tex. 2018). Still, arbitration provisions using the language "may" are sometimes held to be mandatory. *See, e.g., In re U.S. Home Corp.*, 236 S.W.3d 761, 765 (Tex. 2007) ("While the [] clause [that either party 'may request' arbitration] allowed either party to request arbitration, nothing in it suggests arbitration was optional if either did; to the contrary, the clause constituted a binding promise to arbitrate if either party requested it."); *Feldman/Matz Ints., L.L.P. v. Settlement Cap. Corp.*, 140 S.W.3d 879, 888 (Tex. App.—Houston [14th Dist.] 2004, no pet.) ("[A]lthough the agreement stated that either party 'may' submit disagreements to arbitration, a number of the federal circuits—including the Fifth Circuit—have interpreted similar language to mean that either party has the power to require arbitration.").

The Fifth Circuit has found arbitration provisions similar to the ones at issue to be mandatory. *See Deaton Truck Line, Inc. v. Int'l Bhd. of Teamsters, etc.*, 314 F.2d 418, 422 (5th Cir. 1962). In *Deaton Truck Line*, the provision at issue read: "If the Union and the Company fail to agree, the dispute *may* be submitted to the arbitration and the decision of the arbiter shall be final." *Id.* at 421 (emphasis added). "Clearly," the Fifth Circuit explained, "'may' should be construed to give either aggrieved party the option to require arbitration." *Id.* at 422. The Court finds that the same is true here.

The arbitration provisions state that "both parties may apply for international arbitration" and that "both of parties can apply for international arbitration." (Dkt. 20 at p. 2). The Court finds that the plain language demonstrates an intent to arbitrate upon the election to do so by either party. Accordingly, these provisions are mandatory once triggered by either party, despite the permissive language.

The Court holds that there is a written agreement to arbitrate the matter, the agreement provides for arbitration in the U.S., the agreement arises out of a purchase agreement, and Viroad is a Chinese citizen. Finding that the arbitration agreement is both mandatory and enforceable, the Court holds that this matter must proceed in international arbitration.

**B.   Stay Rather than Dismissal**

Defendants requests dismissal of this case, but the Court finds that precedent favors staying the action instead. (Dkts. 16, 20). The U.S. Supreme Court recently held that "[w]hen a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, [section] 3 of the FAA compels the court to stay the proceeding." *Smith v. Spizzirri*, 144 S. Ct. 1173, 1178 (2024). Additionally, "the Convention and its implementing legislation do not explicitly authorize staying litigation pending arbitration, and thus parties whose arbitration agreements fall under the Convention have had to seek authority for stays under" section 3 of the FAA. *Todd v. Steamship Mut. Underwriting Ass'n (Bermuda) Ltd.*, 601 F.3d 329, 332 (5th Cir. 2010) (cleaned up). Thus, Viroad's request to stay this matter pending arbitration is subject to the

FAA and *Spizzirri*. *See* (Dkt. 17 at pp. 4 – 6). As the Court has concluded that this action involves an arbitrable dispute, the Court is compelled to stay the proceeding rather than dismiss it.

## IV.   CONCLUSION

The Court finds that, under the Convention, this matter must be adjudicated in international arbitration. Accordingly, the Court **GRANTS IN PART** Defendants' motion (Dkt. 16). The Court **ORDERS** this case to arbitration pursuant to the terms of the parties' agreement.  It is further **ORDERED** that this action is **STAYED** and the parties are to file a joint status report every 90 days.

SIGNED at Houston, Texas on March 26, 2025.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE